IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACOB WASHINGTON,
        Petitioner,

vs.

Case No. 17–cv–690-DRH

JOE HARPER

        Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### Introduction

Petitioner Jacob Washington presently resides at Chester Mental Health Center ("CMHC"), but his legal status is unclear. The nature of Washington's claims and the relief he is seeking are also unclear. Accordingly, the action will be dismissed without prejudice and with leave to amend.

### Background

Petitioner's initial pleading includes a page that resembles a caption, but does not comply with Federal Rule 10(a). The left side of the "caption" includes a list of names. The right side of the "caption" states as follows:

    CHESTER
    territory, territory
    OF THE U.S.A.
    IN THE YEAR OF OUR LORD
    AND SAVIOR JESUS CHRIST
    IN WHICH JOAN JANE
    AND THE STATE SHALL
    PAY 777,777,777

(Doc. 1, p. 2). A second page in the pleading indicates that Washington has sent the same pleading to the State Capital in Springfield, Illinois, the Illinois Supreme Court, the Illinois Appellate Court, and the Illinois Governor's office. (Doc. 1, p. 3). The pleading also includes a single page of handwritten text that is confusing and often illegible. (Doc. 1, p. 1). For instance, Washington indicates that CMHC does not have jurisdiction over him and suggests CMHC is violating the privileges and immunities clause of the constitution. *Id.* He claims he was kidnapped, with a gun pointed to his head. He also makes allegations regarding a polygraph that proves experimentation has occurred. *Id.*

After reviewing this pleading, the Clerk of the Court opened the instant action, characterizing it as a habeas action filed pursuant to 28 U.S.C. § 2254. Before the Court could complete a preliminary review of the pleading, Washington filed an amended petition using this district's standard form for § 2254 cases. (Doc. 3).

### The Amended Petition

The Amended Petition names Joe Harper, the hospital administrator for CMHC as the respondent. For the most part, the Amended Petition is blank or states "N/A" in response to questions included on the district's standard form. Washington, however, has provided the following information:

- Criminal Docket or Case Number – *17-690-DRH* (this is actually the case number for the instant action). (Doc. 3, p 1).
- Date of judgment of conviction: *8-11-2014*. (Doc. 3, p. 1).

- Court that entered the judgment of conviction you are challenging – *Chester Mental Health Center*. (Doc. 3, p. 1).

- Grounds raised – *Need Mental Health Treatment*. (Doc. 3, p. 4).

- Relief requested – *Request to be given time serve[d] and punitive damages for my over time served.* (Doc. 3, p. 18).

**Discussion**

The Court cannot discern whether Washington intended to file a civil rights action pursuant to 42 U.S.C. § 1983, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, or some combination thereof. The request for damages and mental health treatment suggest that Washington is seeking relief in accord with § 1983. However, the request to be given time served suggests that Washington may be seeking habeas relief pursuant to § 2254 or 2241.[1]

Because the Court does not know what type of action Washington intended to file and because so much information is missing, the Amended Petition does not survive preliminary review. Therefore, the Court will dismiss the Amended Petition without prejudice and with leave to re-file. This means that the Court is giving Washington another chance. Washington should consider the following directions before filing anything further with the Court:

---

[1] Each of those avenues of relief offers distinct remedies and has distinct consequences that can impact future litigation. Consequently, the Court cannot guess what Winter wants and cannot convert a pleading under one statute to a different cause of action. *See Pischke v. Litscher*, 178 F.3d 497(7th Cir.1999); *Glaus v. Anderson*, 408 F.3d 382 (7th Cir.2005).

**Money or Mental Health Treatment**

If Washington is asking for mental health treatment or monetary damages, he should file a § 1983 action. Washington should know that the filing fee for a § 1983 action is $400 ($350 if Washington is proceeding *in forma pauperis* – as a poor person). Washington should also know that a § 1983 action will be subject to the three-strikes rule of the Prison Litigation Reform Act (meaning if his case is frivolous or fails to state a claim he could receive a "strike").

**Release From Prison (Habeas Relief)**

If Washington is challenging the fact or duration of his physical detention at CMHC (if he wants to be released), then his only federal remedy is a writ of habeas corpus pursuant to §2241 or §2254. *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973), Washington should know that the filing fee for a § 2241 or § 2254 action is $5.00.

If Washington is incarcerated at CMHC pursuant to a State Court judgment and claims he is presently in custody in violation of the Constitution or laws of the United States, then § 2254 likely governs his claim. 28 U.S.C. § 2254(a). *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).

If Washington is at CMHC for some other reason than pursuant to a state court judgment, such as pre-conviction custody, then § 2241 likely governs his claim. *Walker*, 216 F.3d at 633; *Jacobs v. McCaughtry*, 251 F.3d 596 (7th Cir. 2001).

**Disposition**

**IT IS THEREFORE ORDERED** that the pleading filed by Washington (Doc. 3) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Washington is **GRANTED** leave to file an amended pleading **on or before October 25, 2017**. The ultimate filing fee due will be based on the nature of the action filed. Failure to file an amended pleading will result in this action being dismissed without prejudice. Washington is free to file multiple actions if, for example he wants to file both a civil rights action and a habeas corpus petition—but each would be a separate case and separate filing fees would be assessed.

The Clerk of Court is **DIRECTED** to send Washington § 1983, § 2254 and § 2241 form pleadings, and corresponding instruction booklets.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.09.27 13:49:37 -05'00'

**David R. Herndon**
**U.S. District Judge**