IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACOB WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-690-NJR |
| | ) |
| JOE HARPER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Now before the Court are two motions filed in this closed case by Petitioner Jacob Washington on July 14, 2021: a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs (Doc. 9), and another document characterized by the Court as a Motion to Appear in Person (Doc. 10). Washington is confined at the Chester Mental Health Center ("CMHC"). (Doc. 9, p. 1).

Washington filed his original habeas corpus Petition on June 30, 2017 (Doc. 1), and an Amended Petition (Doc. 3), on July 17, 2017. Washington's Amended Petition was dismissed because the Court was unable to discern whether Washington was seeking release from custody or was requesting mental health treatment and money damages. (Doc. 5). The Court directed Washington to either file a civil rights action under 42 U.S.C. § 1983 if he was asking for mental health treatment and/or money damages, or alternatively, to file a habeas corpus petition under 28 U.S.C. § 2254 or § 2241 if he was seeking release from detention. *Id.*

1

On November 6, 2017, the Court dismissed this case without prejudice after Washington failed to submit another amended Petition as ordered. (Doc. 6). The Court received no communication from Washington in the ensuing three and a half years.

Washington's new motions do not clarify which type of relief he now wants to pursue. In the Motion to Appear in Person, he references "Civil Precedure [sic] Handbook Article 1-1 Conflict of Interest," the Declaration of Independence, "Court of Claims 28 U.S.C.A. § 1491," and "Article III Section I." (Doc. 10, p. 1). He then lists addresses for the White House and unidentified locations in Washington, D.C., the Chicago area, Waterloo, Illinois, and Chester, Illinois. (Doc. 10, p. 2). He partially quotes the Fourteenth Amendment of the U.S. Constitution (Doc. 10, p. 3). He concludes:

> I Jacob Louis Washington
> As to appear in Flesh & Blood
> I have been in this treatment
> treatment for team I need help
> team and exam
> I have recoved on my Lord And
> Savior Jesus Cright Please help
> me because I have for Me is love
> for the judge I cry for all Peers
> To

(Doc. 10, p. 4) (misspellings in original). This statement suggests that Washington may be seeking proper treatment at Chester. As with Washington's 2017 pleadings, however, it fails to provide enough information for the case to proceed past preliminary review under either 28 U.S.C. 1915A or Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

In the absence of a proper Petition or Complaint, the Court will not grant the

Motion to Appear (Doc. 10). The Motion to Proceed without payment of fees (Doc. 9) will also be denied, as Washington failed to include a completed financial affidavit.

This case will remain closed, but Washington may file a new case if he wants the Court to consider his request for relief.

As Washington was advised when his earlier Petition was dismissed, if he is asking for mental health treatment, monetary damages, or otherwise complaining about the conditions of his confinement, he should file a civil rights case under 42 U.S.C. § 1983. The filing fee for a § 1983 action is $402, but the fee is reduced to $350 and may be paid in installments if a motion to proceed without prepayment (to proceed *in forma pauperis*, or "IFP") is approved. Washington is **ADVISED** that a § 1983 action will be subject to the three-strikes rule of the Prison Litigation Reform Act (meaning if his case is frivolous or fails to state a claim, he could receive a "strike"). A prisoner who accumulates three "strikes" is prohibited from filing future lawsuits without full prepayment of the filing fee, unless he can show that he faces imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Alternatively, if Washington is claiming that he should be released from custody or is challenging the length of his detention, he must file a petition for writ of habeas corpus under either 28 U.S.C. § 2241 or § 2254.[1] *Preiser v. Rodriguez*, 411 U.S. 475, 499-500

---

[1] Whether § 2254 or § 2241 would govern Washington's habeas claim depends on how he came to be confined at CMHC. If he is in custody pursuant to a State Court judgment/conviction, then § 2254 likely would apply. However, if he is detained at CMHC for some other reason, such as a ruling that he is unfit to stand trial or some other form of pre-conviction custody, then § 2241 is likely to govern his claim. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).

(1973). The filing fee for a § 2241 or § 2254 action is $5.00, and the fee may be waived if Washington submits an IFP motion and affidavit showing he is without sufficient funds.

For these reasons, the Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs (Doc. 9) and Motion to Appear in Person (Doc. 10) are **DENIED**.

The Clerk of Court is **DIRECTED** to send Washington the forms and instructions for filing a civil rights action pursuant to 42 U.S.C. § 1983, and those for filing a habeas corpus action under 28 U.S.C. § 2254 and § 2241. Washington is strongly advised to use one (or more) of these forms and to complete all the requested information if he decides to pursue relief in this Court.

Any new case(s) filed by Washington shall be assigned a new case number and will be assessed the appropriate filing fee. Washington may request to proceed without prepayment of fees by submitting a motion and completed financial affidavit along with his Complaint or Petition.

**IT IS SO ORDERED.**

**DATED:  July 22, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**